IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                    No. CIV S-10-2653 LKK GGH

  vs.

C. KISH INC., et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment against Defendant Robert Rodriguez, filed February 2, 2011, was submitted without a hearing. Defendant filed no opposition. Upon review of the motion and supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On September 29, 2010, plaintiff filed the underlying complaint in this action against defendant Robert Rodriguez,[1] owner of the property at issue, located at 237 Placerville Drive, Placerville, California. See Complaint, at pp. 2-3; Ex. B to Complaint. Plaintiff alleges he initially visited Sierra Home Alternatives, the business at this location, on February 2, 2010, but encountered architectural barriers in the form of the lack of "correct number and type of

---

[1] Co-defendant C. Kish, Inc. was dismissed by order of December 14, 2010. (Dkt. # 10).

1  properly configured disabled parking space(s), including the lack of a van accessible disabled
2  parking space, accessible route, accessible entrance, accessibility signage, and striping."
3  (Complaint, at p. 3-4.)  He asserts that these defects constitute violations of the Americans With
4  Disabilities Act and state law.  Plaintiff alleges a total of two separate visits to the subject
5  premises.  (Id. at 4.)  The summons and complaint were served by leaving them with a person of
6  suitable age and discretion at defendant's residence on November 8, 2010.  Fed. R. Civ. P.
7  4(e)(2); Cal. Code Civ. Proc. § 415.20(a).  Pacific Atlantic Trading Co. v. M/V Main Express,
8  758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).
9  Defendant Rodriguez has failed to file an answer or otherwise defend in this action.  On
10 December 14, 2010, the clerk entered default against defendant Robert Rodriguez.
11         The instant motion for default judgment and supporting papers were served on
12 defendant.  Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to
13 California Civil Code section 52(a) as well as injunctive relief.[2]
14 DISCUSSION
15         Entry of default effects an admission of all well-pleaded allegations of the
16 complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
17 1977).  The court finds the well pleaded allegations of the complaint state a claim for which
18 relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The
19 memorandum of points and authorities and affidavits filed in support of the motion for entry of
20 default judgment also support the finding that plaintiff is entitled to the relief requested.  There
21 are no policy considerations which preclude the entry of default judgment of the type requested.

---

[2] Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiffs' motion for entry of default judgment be GRANTED as to Robert Rodriguez in the amount of $8,000; and

2. Injunctive relief be granted against defendant Robert Rodriguez requiring a properly configured correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, accessible route, accessible entrance, accessibility signage, and striping, in conformity with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/24/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Johnson2653.def.wpd